UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY L. BUHL,

                    Petitioner,

                                                    Civil No. 07-13377-BC
v.                                                  Honorable Thomas L. Ludington

LINDY M. METRISH,

                    Respondent.

_____/

**ORDER DENYING THE PETITION
FOR A WRIT OF HABEAS CORPUS**

Petitioner Timothy L. Buhl, a state prisoner currently confined at the Kinross Correctional

Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254. The petitioner pleaded *nolo contendere* to armed robbery in the Monroe County Circuit

Court and was sentenced to 85 months to 40 years imprisonment in 2006. In his application,

Petitioner challenges scoring of two offense variables and asserts that his sentence is based upon

inaccurate information. The Court finds that Petitioner has failed to establish that he is entitled to

federal habeas relief on the claims contained in his petition. The Court, therefore, will deny the

petition.

I.

On April 27, 2006, Petitioner pleaded *nolo contendere* to armed robbery in the Monroe

County Circuit Court. In exchange for the plea, the prosecution agreed to a sentencing

recommendation with a minimum sentence not to exceed 85 months imprisonment. At sentencing

on August 10, 2006, the parties agreed that the minimum sentence guideline range was 81 to 168

months. The trial court sentenced Petitioner as a second habitual offender to 85 months to 40 years imprisonment. *See* Pet. Brief, p. 1.

Petitioner, through appellate counsel, subsequently moved for re-sentencing in the trial court contending that Offense Variable 4 (serious psychological injury to victim) and Offense Variable 13 (pattern of felonious criminal activity) were each mis-scored at 10 points. Petitioner claimed that this would change his minimum sentencing guideline range as a second habitual offender to 51 to 106 months. The prosecution did not dispute the Offense Variable 4 correction, but opposed a reduction for Offense Variable 13. The parties agreed that Prior Record Variable 2 should have been scored at 20 points rather than 10 points. The trial court left the scoring for Offense Variable 13 at 10 points and denied the motion for re-sentencing. *Id.* at pp. 1-2.

Petitioner states that he filed an appeal with the Michigan Court of Appeals contesting the scoring of the offense variables and claiming that he was sentenced based upon inaccurate information, which was denied on February 20, 2007. *See* Pet., p. 2. Petitioner does not indicate whether he pursued an appeal with the Michigan Supreme Court.[1]

II.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must

---

[1]Even assuming that Petitioner did not fully exhaust his state court remedies by filing an appeal with the Michigan Supreme Court, his petition may still be denied for lack of merit. *See* 28 U.S.C. § 2254(b)(2).

summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court concludes that the sentencing claims raised in the petition are meritless, such that the petition must be denied.

III.

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). This Act "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising the question of effective assistance of counsel, as well as other constitutional claims. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). The AEDPA applies to all habeas petitions filed after the effective date of the Act, April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Because Petitioner's application was filed after that date, the provisions of the AEDPA, including the amended standard of review, apply to this case.

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that

was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. at 521 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)) (internal quotes omitted). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) ("All factual findings by the state court are accepted by this Court unless they are clearly erroneous.").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .

A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially

-4-

indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id*. at 409, 410-11. *See also Dorchy v. Jones*, 398 F.3d 783, 787-88 (6th Cir. 2005); *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

In this case, the Michigan Court of Appeals denied leave to appeal in a standard order and did not clearly address Petitioner's claims as a matter of federal law. Accordingly, this Court must conduct an independent review of the state court decision. *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. This independent review "is not a full, *de novo* review of the claims,

but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id*.

As noted, Petitioner asserts that he is entitled to habeas relief because the trial court erred in scoring Offense Variables 4 and 13 of the Michigan sentencing guidelines and because he was sentenced based upon inaccurate information.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). To the extent that the petitioner challenges the scoring of his sentencing guidelines under state law, he is not entitled to relief from this Court. A claim that the state sentencing guidelines were incorrectly scored fails to state a claim upon which federal habeas relief can be granted. *See, e.g., Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999); *see also Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief is not warranted on Petitioner's state law sentencing issues.

A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See*

*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Petitioner has made no such showing. Petitioner admits that he had an opportunity to contest the scoring of the sentencing guidelines at sentencing and in his motion for re-sentencing before the trial court. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing sentence. In fact, Petitioner acknowledges that his current sentence would still fall within the guideline range with his proposed scoring of the disputed offense variables. The record also indicates that the trial court sentenced Petitioner within the correct (and initially agreed-upon) guideline range and in accordance with the sentencing agreement. Given such circumstances, habeas relief is not warranted in this case.

IV.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 11, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 11, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS